IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **Ronda Brown**, | ) | C/A 2:12-2510-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Dorchester County First Steps to School** | ) | |
| **Readiness Partnership, Dorchester** | ) | |
| **County First Steps Board of Directors** | ) | |
| **and Cindy Dickerson,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Dorchester County, on July 3, 2012, and was subsequently removed to this United States District Court by the Defendants on August 30, 2012. Plaintiff asserts claims for, inter alia, violations of 42 U.S.C. § 1983 by the named Defendants.

The Defendants Cindy Dickerson and Dorchester County First Steps Board of Directors filed a motion to dismiss on September 6, 2012, pursuant to Rule 12(b)(5), Fed.R.Civ.P., asserting that they had not been properly served with process. However, Plaintiff correctly notes in a response filed September 16, 2012, that pursuant to Rule 4(m), Fed.R.Civ.P., Plaintiff has one



hundred twenty (120) days from the filing of the Complaint to effect service, or to demonstrate good cause for the failure to effect good service. Hence, at the time Defendants' motion to dismiss was filed it was manifestly premature. Further, a review of the docket shows that the Defendant Dickerson has now filed her responsive pleading to the Plaintiff's complaint. Therefore, Defendants' motion should be **denied** at this time.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 26, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

