**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Ronda Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:11-2510-PMD-BM |
| v. ) | |
| ) | |
| Dorchester County First Steps to School ) | **ORDER** |
| Readiness Partnership, Dorchester County ) | |
| First Steps Board of Directors, and Cindy ) | |
| Dickerson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Bristow Marchant recommending that Defendants'—Dorchester County First Steps Board of Directors ("Defendant Board") and Cindy Dickerson ("Dickerson")—motion to dismiss for insufficiency of service of process pursuant to Rule 12(b)(5) be denied.[1] Also before the Court are Defendants' Objections to the R&R. The Court agrees with the Magistrate's recommendation based on the following reasons.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a *de novo* review of any portion of the R&R

---

[1] In its Objections, Defendants concede that Dickerson was served within the appropriate time frame and that the motion to dismiss with respect to her is now moot. As such, the Court will only address the motion to dismiss as it applies to Defendant Board.

1

to which a specific objection is registered, and the court may accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

This action was originally filed by Plaintiff in the South Carolina Court of Common Pleas, Dorchester County, on July 3, 2012. Defendants subsequently removed the case to this United States District Court on August 30, 2012, at which time Plaintiff had yet to serve the summons and complaint upon any Defendants. Federal Rule of Civil Procedure 4(m) provides that if service of the summons and complaint is not made within 120 days of filing, the Court shall dismiss the action without prejudice or direct that service be effected within a specified time. Additionally, at least three other district courts in the Fourth Circuit have held that:

> When no defendant has been served, in an action removed to federal court from state court, Rule 4(m) of the Federal Rules of Civil Procedure requires the plaintiff to serve the summons and complaint upon the defendant within 120 days from filing of the Notice of Removal in the federal court.

*Bonds v. Electrolux Home Prods., Inc.*, No. 8:06-1650, 2006 WL 3955825, at *2 (D.S.C. Dec. 6, 2006) (quoting *Randolph v. Hendry*, 50 F. Supp. 2d 572, 579 (S.D. W.Va. 1999); see also *Lawrence v. Hanson*, 197 F. Supp. 2d 533 (W.D. Va. 2002) (upon removal of the case, the plaintiff had a fresh 120-day period within which to serve defendants under Rule 4(m)). The *Randolph* court reasoned that such a holding was proper because "'the potential prejudicial impact of the court's calculations'" should be borne by the defendant "'who makes the decision

3

to remove the case to federal court and restarts the clock.'" *Bonds*, 2006 WL 3955825, at *2 (quoting *Randolph*, 50 F. Supp. 2d at 580). This Court agrees with the reasoning and holding of its sister courts.

Defendants filed a Notice of Removal with this Court on August 30, 2012. Therefore, Plaintiff is required to serve the summons and complaint upon Defendant Board within 120 days from the filing of Defendants' Notice of Removal. Because there is still time left on the clock, the Court must dismiss the Defendants' motion to dismiss as premature.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **DENIED AS PREMATURE** without prejudice.

**AND IT IS SO ORDERED.**

*[Signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 18, 2012**

3