IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **Ronda Brown**, ) | C/A 2:12-2510-PMD-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Dorchester County First Steps to School** ) | |
| **Readiness Partnership, Dorchester** ) | |
| **County First Steps Board of Directors** ) | |
| **and Cindy Dickerson,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Dorchester County, on July 3, 2012, and was subsequently removed to this United States District Court by the Defendants on August 30, 2012. Plaintiff asserts claims for, inter alia, violations of 42 U.S.C. § 1983 by the named Defendants.

Plaintiff was originally represented by counsel; however, on January 13, 2013 Plaintiff's counsel filed a motion to be relieved as counsel, citing Plaintiff's failure to cooperate in the prosecution of this lawsuit. In an Order filed January 16, 2013, Plaintiff was granted until February 4, 2013 to interpose any objection she might have to counsel's motion. Plaintiff failed to respond to this Order, and in a second Order filed February 6, 2013 counsel's motion was granted.



Plaintiff was thereafter provided thirty (30) days to have new counsel file an appearance on her behalf, and was notified that if she failed to do so, the case would proceed with Plaintiff representing herself pro se. By Order filed March 8, 2013, Plaintiff was notified that the case was now proceeding with Plaintiff representing herself pro se, and restating the scheduling order deadlines for the case.

On May 24, 2013 the Defendants filed a motion for summary judgment or in the alternative to dismiss for failure to prosecute. See Rule 41(b), Fed.R.Civ.P. In this motion, defense counsel represents as an officer of the Court that Plaintiff has repeatedly failed to appear for her properly noticed deposition, that Plaintiff has refused to accept certified mailings from the Defendants, has failed to answer or object to Requests to Admit, has failed to return voice mails left at her home, and has in general refused to participate in the litigation process. See also Attached Exhibits A, B, D, E, F and G to Defendants' motion. As the Plaintiff is now proceeding pro se, the Court entered a Roseboro order on May 28, 2013 advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motion may be granted. Plaintiff thereafter filed a one (1) page response on July 1, 2013 in which she states that the Defendants are "trying to take away my freedom of speech", and reiterating that she believes she was discriminated against by the Defendants. Plaintiff also states that she has "hard evidence available for the lawsuit", but fails to state what that evidence is. Plaintiff also does not address Defendants' representations and evidence that she has failed to cooperate in discovery in this case and failed to sit for a deposition.

Rule 41(b), Fed.R.Civ.P., clearly authorizes the Court to dismiss an action for failure

2



to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp., 669 F.2d 9at 920; Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

The record before the Court in this case shows that Plaintiff has failed to appear for a deposition, failed to respond to discovery requests, failed to communicate with defense counsel, and has otherwise failed to prosecute her case in accordance with instructions set forth by the Court in scheduling orders. Hence, the degree of personal responsibility of the Plaintiff is manifest. The docket and filings in this case further clearly set out a "drawn-out history of deliberately proceeding in a dilatory fashion" by the Plaintiff. Therefore, Plaintiff meets the first and third prongs of the Fourth Circuit's four prong test.

Additionally, while the Plaintiff has engaged in the conduct described herein, the continuation of this action has caused the Defendants to incur continuing costs and expenses associated with this lawsuit, while Plaintiff's failure to cooperate in discovery has prejudiced the

3



Defendants' ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four prong test.

As for the fourth prong of the Fourth Circuit's four prong test, the record in this file shows that Plaintiff has failed to respond to notices, filings, correspondence and telephone calls received from the Defendants; has failed to provide proper responses to discovery requests; and has failed to appear for scheduled depositions. While the undersigned is mindful of the fact that the Plaintiff is now proceeding pro se, and that Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. also Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). Here, Plaintiff's refusal to accept any mailings or respond to communications from the Defendants and her refusal to sit for a deposition or otherwise cooperate in the prosecution of this case would certainly justify the entry of an order of dismissal as an appropriate sanction in this case. However, in considering whether sanctions less drastic than a dismissal with prejudice exist, and in light of Plaintiff's pro se status, an option other than outright dismissal presents itself.

In an effort to try and fashion some sanction less drastic than dismissal, but sufficient to impress upon the Plaintiff the need for her to cooperate in this litigation and to comply with the Court's orders and the rules of this Court, a monetary penalty could be considered by the Court. Whether the actual assessment to the Plaintiff of costs and fees as a penalty for her conduct would result in a change in her behavior is unknown; however, through the payment of fees and costs, Plaintiff may be able to sufficiently demonstrate to the Court that she will in the future comply with

4



this Court's rules so as to allow this case to proceed, while at the same time allowing the Defendant to recoup some of the losses they have incurred as a result of Plaintiff's actions to date.

If this option is accepted by the Court, the Defendants should be required to submit affidavits of fees and costs incurred as a result of Plaintiff's conduct, including costs and fees incurred as a result of having to file motions and briefs because of this conduct, within ten (10) days of any order of the Court adopting this Report and Recommendation.  Plaintiff could submit any objections she may have to the amount of fees and costs requested, with the Court then entering a final order setting the proper amount due.  In the event payment by the Plaintiff is then made, Defendants' motion to dismiss this case as a sanction for Plaintiff's conduct would then be denied, with a new deadline set for Plaintiff's compliance with discovery in this case.  However, in the event Plaintiff fails to timely remit payment, the Defendants' motion would be granted, and this action would be dismissed with prejudice.

This option should be pursued, however, only if Plaintiff, in response to this Report and Recommendation, indicates a willingness to abide by these conditions and to henceforth properly pursue her claims.  Further, if she fails to even respond to this Report and Recommendation, then dismissal under Rule 41(b) should be granted.

## **Conclusion**

Based on the foregoing, it is recommended that, if Plaintiff fails to respond to this Report and Recommendation or indicates to the Court that she will not comply with the recommendation contained herein, the Defendants' motion to dismiss with prejudice pursuant to Rule 41(b) Fed.R.Civ.P. be **granted,** and this case be dismissed.

If, however, Plaintiff files a response or objection to this Report and Recommendation

5



indicating her willingness to continue with the prosecution of this case and to comply with the Rules of this Court, the Defendants should be required to submit affidavits of fees and costs incurred as a result of Plaintiff's conduct with payment to be made by the Plaintiff thereon, all as is set forth hereinabove.  Upon receipt of such payment, Defendants' motion to dismiss or for summary judgment should then be **denied**, with a new deadline being set for Plaintiff's compliance with discovery as well as other deadlines in an amended scheduling order.  Denial of Defendants' motion for summary judgment should be without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 3, 2013
Charleston, South Carolina



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

