**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Ronda Brown | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:12-cv-2510-PMD-BM |
| v. | ) | |
| | ) | |
| Dorchester County First Steps to School | ) | **ORDER** |
| Readiness Partnership, Dorchester County | ) | |
| First Steps Board of Directors, and | ) | |
| Cindy Dickerson, | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Bristow Marchant. In an effort to try and fashion a sanction less drastic than dismissal, in light of Plaintiff Ronda Brown's pro se status, the R&R recommends the following: Assess Defendants fees and costs against Plaintiff that were incurred as a result of Plaintiff's conduct, including costs and fees incurred as a result of having to file motions and briefs, *only if*, Plaintiff, in response to the R&R, indicates a willingness to abide by these conditions and to henceforth properly pursue her claims. If Plaintiff responds adequately, the R&R recommends that Defendants submit affidavits of fees and costs incurred within ten (10) days of any order by this Court adopting the R&R; that the Court allow Plaintiff to submit any objections to the amounts requested; and that the Court issue a final order setting the proper amount due. The R&R further recommends that in the event payment is made by Plaintiff, Defendants' motion to dismiss this case as a sanction for Plaintiff's conduct be denied, with a new deadline set for Plaintiff's compliance with discovery.

  Alternatively, if Plaintiff fails to timely remit payment *or* fails to indicate in her response that she will comply with the above recommendation, the R&R recommends that Defendants'

1

motion to dismiss with prejudice be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Having reviewed the entire record, the Court finds the recommendation of the Magistrate Judge well-reasoned and fair.  The Court further finds that Plaintiff has failed to indicate in her objections to the R&R that she will abide by the recommended monetary penalty.  Accordingly, the Court adopts and fully incorporates into this Order the R&R's recommendation that Defendants' motion to dismiss with prejudice be granted pursuant to Rule 41(b).

## PROCEDURAL HISTORY/BACKGROUND

This action was originally filed by Plaintiff in the South Carolina Court of Common Pleas, Dorchester County, on July 3, 2012, and was subsequently removed to this United States District Court by Defendants on August 30, 2012. Plaintiff asserts claims for, inter alia, violations of 42 U.S.C. § 1983 by the named Defendants.

Plaintiff was originally represented by counsel; however, on January 13, 2013, Plaintiff's counsel filed a motion to be relieved as counsel, citing Plaintiff's failure to cooperate in the prosecution of this lawsuit. In an order filed January 16, 2013, Plaintiff was granted until February 4, 2013 to interpose any objection she might have to counsel's motion. Plaintiff failed to respond, and in a second order filed February 6, 2013, counsel's motion was granted.  Plaintiff was thereafter provided thirty (30) days to have new counsel file an appearance on her behalf, and was notified that if she failed to do so, the case would proceed with Plaintiff representing herself pro se.  By order filed March 8, 2013, Plaintiff was notified that the case was now proceeding with Plaintiff representing herself pro se and was provided the scheduling order deadlines for the case.

On May 24, 2013, Defendants filed a motion for summary judgment or in the alternative, a motion to dismiss for failure to prosecute. *See* Rule 41(b), Fed. R. Civ. P.  In this motion, defense counsel represents as an officer of the court that Plaintiff has repeatedly failed to appear for her properly noticed deposition; has refused to accept certified mailings from Defendants; has failed to answer or object to requests to admit; has failed to return voicemails left at her home; and has in general, refused to participate in the litigation process.  *See* Defs.' Mot., Exhs. A, B, D, E, F & G.  The court entered a Roseboro order on May 28, 2013 advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, Defendants' motion may be granted.  Plaintiff thereafter filed a one (1) page response on July 1, 2013 in which she states that Defendants are "trying to take away my freedom of speech" and that she believes she was discriminated against by Defendants. Pl.'s Resp. 1.  Plaintiff also states that she has "hard evidence available for the lawsuit," but she fails to state what that evidence is. *Id.*  Plaintiff does not address Defendants' representations and evidence that she has failed to cooperate in discovery in this case and failed to sit for a deposition.

The Magistrate Judge issued an R&R on July 3, 2013. Plaintiff filed a three (3) page objection on July 23, 2013, and Defendants filed a reply on August 9, 2013.  This matter is now properly before this Court.

## STANDARD OF REVIEW

### I.     Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  Parties are allowed to make a written objection to a

Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R in whole or in part. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## II.     Failure to Prosecute

A district court has authority under Rule 41(b) to dismiss the case with prejudice for failure to prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962). A district court's power under Rule 41(b) to dismiss for failure to prosecute or obey a court order or a federal rule is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The legal standard to be applied under Rule 41(b) governing dismissal for failure to prosecute or to obey a court order or a federal rule is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. *Id. See also Pickel v. U.S.*, 746 F.2d 176, 182 (3rd Cir. 1984); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir. 1980).

A court is required to consider the following factors when considering whether to dismiss an action under 41(b): "(1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory

4

manner; and, (4) the existence of less drastic sanctions other than dismissal." *Williams v. Meyers*, No. 4:08-01864-RBH, 2009 WL 982422, at *2 (D.S.C. Apr. 9, 2009) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

### III.    *Pro se* Litigant

Plaintiff is acting *pro se* in this action. A court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g.*, *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

On July 23, 2013, Plaintiff filed her objections to the R&R. However, Plaintiff fails to specifically object to the R&R. Instead, Plaintiff lists the allegations previously made against Defendants in her Complaint; states that she has not been dilatory; and indicates that she would like to proceed with the lawsuit for all damages to include, among other things, all court costs. Plaintiff does not address the R&R's recommendation that she incur a monetary penalty for both past behavior and to demonstrate to the Court that she will, moving forward, comply with the Court's rules and orders. As such, Plaintiff fails to indicate a willingness to comply with the conditions of the R&R.

After a comprehensive review of the record and of the applicable law, the Court finds that the Magistrate Judge applied the correct principles of law and fashioned a well-reasoned recommendation. Having found Plaintiff failed to indicate that should would comply with the conditions of the R&R, the Court, therefore, adopts and fully incorporates into this Order the

recommendation of the Magistrate Judge that Defendants' motion to dismiss with prejudice be granted pursuant to Rule 41(b).

## **CONCLUSION**

Accordingly, it is hereby **ORDERED** that Defendants' motion to dismiss with prejudice is **GRANTED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 19, 2013**
**Charleston, SC**

6